REQUESTED BY: Mr. Bill Davidson, Lancaster County Election Commissioner, Lincoln, Nebraska.
Will the provisions of section 53-122, 1977 Supp., limiting the frequency of an election on the question of liquor by the drink in any given community to no more often than `once each two years' prohibit the holding of an election for that purpose on May 9, 1978, where the last such election was held on May 11, 1976?
Yes.
Section 53-122, 1977 Supp., generally establishes a procedure whereby the question of liquor by the drink in the various cities and villages of this state can be placed before the voters in those communities.
The question of liquor by the drink can be presented at a `special election' called for that purpose, a `general municipal election' or at a `state-wide primary or general election.' The procedure varies depending upon the election at which the question is sought to be presented.
This section does provide, however:
 "An election may not be held in the same city or village under the provisions of this section more often than once each two years."
This specific language set out above was not contained in this section until the passage of Legislative Bill 292 in 1969. Prior to that time this section was silent on the question of the frequency with which such elections could be held.
This section deals only with the question of establishing liquor by the drink in cities and villages. Section53-121, R.R.S. 1943, deals with the question of authorizing the sale of alcoholic liquors, except beer, by the package. Prior to the amendment of 53-122 in 1969 and continuing to this day, section 53-121 contained this provision:
 "The question of licensing the sale of alcoholic liquors, other than beer, by the package may be submitted at the general municipal election every two years after 1937, . . ."
It should be noted that the frequency limitation in the package liquor section set out above is stated differently than the limitation of the frequency of elections for the question of liquor by the drink. Since the actual calendar date on which the general municipal election is held varies slightly from year to year, this limitation may in all cases not amount to the expiration of the full 730 or 731 days.
Another distinction is that liquor by the drink proposals may be submitted at any one of four elections, i.e., special municipal, primary or general. A special election could be held at any time, whereas the times of the others are established by statute. Therefore, if the frequency of such special elections is to be limited, it would have to be on a lapsed time basis and not contingent upon X number of elections having been held.
Since the Legislature was aware of the limitation language of section 53-121 at the time they placed the frequency limitation in section 53-122 and chose to adopt more general language, we are of the opinion that they intended to establish a two-year lapsed time requirement rather than permitting such votes at every other election, be it special, municipal, primary or general occurring approximately every two years.
In reaching this conclusion, we are not unmindful of the opinions of this office dated March 7, 1946, and September 30, 1946, which appeared to reach a contrary conclusion. It is pointed out that these two opinions were rendered prior to 1969 when the amendment was added to section 53-122
establishing a frequency limitation.